# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8353 | **DATE** | 12/27/2011 |
| **CASE TITLE** | Mazen Jubeh (#2009-0004440) v. Torres, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Mazen Jubeh's complaint is dismissed for failure to state a claim. 28 U.S.C. § 1915A. This case is terminated. All pending motions are denied.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff Mazen Jubeh, incarcerated at the Cook County Jail (#2009-0004440), has filed this 42 U.S.C. § 1983 complaint against Cook County Jail Officers Torres and Galan, Sheriff Tom Dart, and Dr. Williamson. Plaintiff asserts that, on November 19, 2010, Officer Torres opened cell doors in plaintiff's area of the jail. Torres then left the area to attend to something else, and five detainees attacked plaintiff and others. When Torres returned, he immediately called for assistance, and Officer Galan arrived and began placing detainees in secured areas. Apparently, plaintiff was placed in a bullpen with his attackers; however, he does not state that he was again attacked. Plaintiff was taken to see Dr. Williamson, who examined him, noted that there were bumps on his head, provided Tylenol, but refused to run additional tests for a concussion or other injuries.

Preliminary review of the complaint, *see* 28 U.S.C. § 1915A, reveals that plaintiff cannot proceed with his claims in this court. With respect to Officer Torres, plaintiff asserts only that Torres may have been negligent by leaving the tier unattended. To establish a constitutional claim of failure to protect, a plaintiff must show: (1) that he suffered an objectively substantial risk of serious injury and (2) that a prison official knew that plaintiff faced a substantial risk of serious harm but disregarded that risk by failing to take reasonable measures to abate it. *Borello v. Allison*, 446 F.3d 742, 747-48 (7th Cir. 2006). Deliberate indifference "requires more than a showing of negligent or even grossly negligent behavior." *Id.* (citation omitted). Plaintiff's allegations that Torres left an area of the jail unattended and that a surprise attack occurred, at best, asserts only negligence or gross negligence. With respect to Officer Galan, plaintiff alleges neither that Galan knew that he was placing plaintiff in a cell with his attackers nor that plaintiff suffered an injury from Galan's actions. Again, such allegations do not state a constitutional violation to support a § 1983 suit. *Id.*; *see also* 42 U.S.C. § 1997e(a) (a § 1983 plaintiff must demonstrate that he suffered a physical injury, as opposed to simply mental distress, to state civil rights action for damages).

**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

    As for Dr. Williamson, plaintiff states that she examined plaintiff, noted bumps on his head, prescribed Tylenol, but refused to order tests to rule out concussion. Plaintiff must be able demonstrate that Dr. Williamson's treatment "was so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). Plaintiff's allegations at most state a state law claim of malpractice, but not deliberate indifference. Lastly, with respect to Sheriff Tom Dart, plaintiff neither states that Dart was personally involved or that he was responsible for an unconstitutional custom or policy that led to plaintiff's injuries. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (a § 1983 defendant cannot be held vicariously liable for the constitutional torts of subordinates, and the defendant must have been personally involved or in some way responsible for an unconstitutional policy or custom that caused the plaintiff's injuries).

    Plaintiff's complaint, though describing unfortunate events, states no claims of a constitutional nature to support a § 1983 action in this court. To the extent that plaintiff seeks to bring state law claims, he should bring them in state court. Accordingly, this court dismisses the complaint for failing to state a claim upon which this court may grant relief.

    The court further notes that plaintiff initiated this case without prepaying the $350 filing fee or submitting an *in forma pauperis* ("IFP") application to pay it in installments. Although he has been granted IFP status for another case before this court, he must pay the filing fee for each case he files in accordance with the Prison Litigation Reform Act ("PLRA"). However, given that his complaint sets for th no viable § 1983 claims, requiring him to submit an IFP application now would prolong the litigation of a clearly meritless complaint, which runs counter to the purpose of the PLRA. *See Edwin G. v. Washington*, No. 97-1197, 2001 WL 196760, 1(C.D. Ill. Jan. 26, 2001) (Baker, J.) (one of the purposes of the PLRA is to reduce the costs of litigation).

    Accordingly, plaintiff's complaint is dismissed and this case is closed.